UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ANTHONY THREATT,

    Plaintiff,        Case No. 2:10-cv-307

v.                 Honorable R. Allan Edgar

UNKNOWN KARPPINEN, et al.,

    Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

    Plaintiff Anthony Threatt, a prisoner incarcerated at Baraga Maximum Correctional Facility (AMF), filed a complaint pursuant to 42 U.S.C. § 1983. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

    The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds of frivolous or failure to state a claim. *See Threatt v. Ramsey et al.*, 2:09-cv-248 (W.D. Mich. Jan. 6, 2010); *Threatt v. Security Classification Committee*, 1:07-cv-12817 (E.D. Mich. July 18, 2007); *Threatt v. Birkett et al.*, 2:07-cv-11592 (E.D. Mich. Apr. 16, 2007); *Threatt v. Fowley et al.*, 1:91-cv-33 (W.D. Mich. Mar. 4, 1991); *Threatt-El v. Kitchen et al.*, 2:91-cv-70336 (E.D. Mich. Feb. 28, 1991). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604.

Moreover, Plaintiff's action does not fall under the exception for an inmate under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976). "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991).

The Sixth Circuit recognized the standard adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir.2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible)."' *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

Plaintiff alleges that in October of 2010, Defendant Minerick had prisoners Washington, Holland, White and Bank spread a rumor about Plaintiff that he was a snitch. Plaintiff claims that this turned the entire wing against him and is responsible for his inability to get along with other prisoners. In addition, Plaintiff states that prisoner White was placed in a cell next to him, was given a television, and was allowed to bang on Plaintiff's wall all day. Defendant LeClaire ignored Plaintiff's complaints about prisoner White. In addition, Plaintiff contends that on one occasion Defendants Joyal and Haapala were deliberately indifferent to his safety when they failed to prevent another prisoner from assaulting him with human waste while in the shower. When Plaintiff reported the incident, they laughed. Plaintiff further states that prisoner White, who had assaulted him in the shower, bragged that he knew Joyal and Haapala would not do anything to protect Plaintiff.

Plaintiff also claims that staff placed him in imminent danger when they placed him in the shower with prisoners who had Hepatitis C and who had threatened to assault him with urine. However, Plaintiff fails to state that he was actually assaulted. Staff allegedly retaliated against Plaintiff by refusing to let him watch television, use the phone, or order candy from the prisoner store. Plaintiff claims that prisoner White continues to bang on his "wall, lights and toilet all day and night," causing Plaintiff to suffer migraines. Finally, Plaintiff makes a conclusory claim that he is being subjected to "assaults, abuse, torture, threatening to be harmed, humiliated every day and night which fall under the standing of imminent danger."

Plaintiff's allegations are insufficient to demonstrate that he is in real and proximate danger of serious physical injury. The events alleged in his complaint are in the past and, thus, are insufficient to invoke the exception. *Rittner*, 290 F. App'x at 797-98. The recent events alleged by Plaintiff do not meet the standard to show that he is at risk of serious physical injury. *Id.* at 797.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.


Dated:  12/8/2010   /s/ R. Allan Edgar
                    R. Allan Edgar
                    United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**